■ STATE INSURANCE FUND, Appellant, v HOME INSURANCE COMPANY, Respondent. [748 NYS2d 259] —Order, Supreme Court,

New York County (Barbara Kapnick, J.), entered August 2, 2001, which, in an action in which it has been declared that defendant general liability insurer is not obligated to reimburse plaintiff workers' compensation insurer for any portion of plaintiff's defense costs in, or the settlement of, an underlying action involving the parties' mutual insured, partially granted defendant's motion for summary judgment on its counterclaim for reimbursement of the money it spent in defending the underlying action, unanimously affirmed, without costs.

No basis exists for estopping defendant from seeking the reimbursement of defense costs implicit in the declaration previously made in its favor. Even if, as plaintiff alleges, defendant's words or conduct caused it to believe that the two insurers would equally share the insured's defense costs, such belief could not have harmed or prejudiced plaintiff, or caused it to change its position, when at all relevant times it was legally obligated to pay all such costs, and it does not contend that it would have refused to defend its insured had defendant not initially offered to share the defense costs (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184). We have considered and rejected plaintiff's other arguments, and also note that defendant does not challenge the motion court's award in its favor of less than half of its claimed defense costs. Concur—Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.